IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD SCOTT, )<br>        Plaintiff )<br>)<br>vs. )<br>)<br>LOUIS S. FOLINO, Superintendent S.C.I. )<br>Greene; MICHAEL C. BARONE, Deputy )<br>Superintendent S.C.I. Greene; THOMAS D. )<br>JACKSON, Deputy Superintendent S.C.I. )<br>Greene; DIANE THOMAS, Superintendent )<br>Assistance, )<br>        Defendants ) | Civil Action No. 05-739<br>Judge Terrence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Docket No. 9) be dismissed for failure to prosecute.

II.    Report

The plaintiff, Bernard Scott, has presented a civil rights complaint against the above-named defendants. In his complaint, plaintiff complains about conditions of confinement, providing factual allegations mostly as concerns his claim of having false misconducts issued against him and his subsequent placement in a "hard" cell.

On June 14, 2006, this Court issued its standing discovery order which set dates for the filing of dispositive motions and pretrial statements. Plaintiff's pretrial statement was due on September 5, 2006. On September 22, 2006, when plaintiff failed to file his pretrial statement, this Court issued a Rule to Show Cause Order, returnable by October 6, 2006. Plaintiff did not respond to the Show Cause Order as directed. On October 11, 2006, this Court provided plaintiff with one final opportunity to file his pretrial statement, by October 27, 2006. To date, plaintiff has failed to respond. It also appears that plaintiff was transferred to SCI

Graterford without notifying the Court of his whereabouts or giving any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders which weighs heavily against him. Plaintiff's obligation to comply with the Court's Orders was solely his personal responsibility and his failure to act, even at this late date, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking to delay submission of their pretrial statement until after plaintiff has filed his, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of

2

these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. However, because he has failed to comply with the Court's Orders even now some months after they were issued, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 22 January, 2007

cc:  Bernard Scott
     DG-5772
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370

     Bernard Scott
     DG-5772
     P.O. Box 244
     Graterford, PA 19426-0246

     Mary Lynch Friedline
     Deputy Attorney General
     Office of the Attorney General

6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219